## W. H. COLBERT *v.* BOARD OF SUPERVISORS OF LEAKE COUNTY.

1. ASSESSMENT. *Taxation. Cotton out of this State. Owner residing here.*
   Cotton shipped out of this State prior to the 1st of February, 1882, and being out of the State on that day is not liable, in the county of the residence of the owner, in this State, to be assessed for taxes for the fiscal year commencing on the day named.

2. SAME. *Personalty. Situs. Where taxed.*
   Personal property, such as cotton, which has a *situs* distinct from the person of the owner is liable to assessment for taxes where it is located.

APPEAL from the Circuit Court of Leake County.

Hon. A. G. MAYERS, Judge.

Upon the recommendation of the persons appointed under an act of the Legistature, approved March 9, 1882, to assist in the equalization of assessments of taxes, the Board of Supervisors of Leake County, at their August term, 1882, increased

the assessment against W. H. Colbert, a resident of that county, by adding thereto one hundred bales of cotton, valued at $4,450, which had been shipped by him to New Orleans prior to the 1st of January, 1882, and remained there unsold on the 1st of February, 1882. From this action of the Board of Supervisors, Colbert appealed to the Circuit Court, where a judgment was rendered sustaining the action of the board; and thereupon Colbert appealed to this court.

*A. O. Luckett, Jr.*, for the appellant.

The Supreme Court in the case of *Horne* v. *Green*, 52 Miss. 452, has decided that debts due by one citizen of another State to a citizen of this State, are subject to taxation in this State, upon the theory that debts and choses in action have no *situs*, but follow the domicile of the owner. The defendant in error will certainly not claim that this cotton is a debt or a chose in action. It is personal property situated out of the jurisdiction of this State, of a tangible character, liable to taxation under the laws of the State of Louisiana, and subject to its jurisdiction. Mr. Cooley, in his work on Taxation, says that where personal property of a tangible character is owned by a citizen of one State, and is situated in another State, that it is not liable to taxation in the State of the residence of the owner. Cooley on Tax. 14, 270. Taxation and protection are reciprocal, and unless the government throws its protecting arm around the property of a citizen, it has no right to demand of that citizen taxation upon that property. " The protection of the government being the consideration for which taxes are demanded, all parties who receive, or are entitled to that protection, may be called upon to render the equivalent." · *Pierce* v. *Boston*, 3 Metc. 520 ; *Perry* v. *Washburn*, 20 Cal. 318 ; *Webster* v. *Seymour*, 8 Vt. 140 ; *Johnson* v. *Howard*, 41 Vt. 122 ; Cooley on Tax. 14.

*G. Q. Hall*, for the appellees.

Judge Cooley states, as a general rule, that " a tax assessed against the person for personal property, is to be assessed to him at the place of his residence; because in contemplation of

law his movable property accompanies him wherever he goes."
Cooley on Tax. 269, 270, and authorities cited in note 1.   He
also recognizes the principle that it is competent for a State to
tax tangible personal property situate within the State, with-
out regard to the residence of the owner, and, he says : " Some-
times State laws provide for such taxation."   Cooley on Tax.
43, 269, and 270.     But it seems to be universally held,
without exception, so far as I have been able to ascertain,
that personal property, transitory in its character,— merely
passing through a State,— is not subject to taxation elsewhere
than at the domicile of the owner.   Such property has no
*situs* in legal contemplation, and is only taxable where the
owner resides.   *Hayes* v. *Steamship Co.*, 17 How. 596 ;
*Hoyt* v. *Commissioners of Taxes*, 23 N. Y. 224 ; *Parker
Mills* v. *Commissioners of Taxes*, 23 N. Y. 242 ; *The State* v.
*Engle*, 34 N. J. 425 ; *Chauvenet* v. *Commissioners*, 3 Md.
259 ; *Hooper* v. *Baltimore*, 12 Md. 464 ; *Whitesell* v. *North-
ampton Co.*, 49 Penn. 526 ; *Union Bank* v. *The State*, 9
Yerg. 490 ; *Conley* v. *Chedic*, 7 Nev. 336.

The cotton in question cannot be regarded as a part of
the property of Louisiana — it has no legal *situs* there — it is
transitory in its character, being merely on its way to the
factories of the world, and merely held in that State long
enough to change hands.   If any personalty can be called
movable, this certainly can.   It has no *situs* nor *locus* any-
where, and is consequently taxable nowhere except at the
residence of the owner.   The case of *Parker Mills* v. *Com-
missioners of Taxes*, 23 N. Y. 242, seems to be in point.
Manufactured articles were sent by a non-resident to an agent
in New York, to be sold, and price remitted ; *held,* not taxa-
ble in New York.

CAMPBELL, C. J., delivered the opinion of the court.

The law provides for the taxation of choses in action, and
prescribes no place where they shall be assessed (except as,
to money on deposit, or loaned at interest in or out of this

State), but they are taxable, where the owner resides, because they have no place distinct from him. This does not apply to bales of cotton, which have a *situs* distinct from the person of their owner. As to such personal property, the law has prescribed that it shall be assessed, where it is in fact, and not by fiction. It is true, this provision of the statute relates to personal property in this State; but it is also true that there is no provision for taxing personal property capable of having a locality, which is permanently out of this State, and has a *situs* in another State. The cotton of the appellant was not taxable in this State.

Judgment reversed, and judgment here for the appellant.